UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GINNI M. SANDERS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | **MEMORANDUM RULING AND ORDER**<br><br>Case No. 2:09-cv-01051-BCW<br><br>Magistrate Judge Brooke C. Wells |

Ginni M. Sanders appeals the Commissioner of Social Security's decision denying her claim for Disability Insurance Benefits and Supplemental Security Income under Title XVI of the Social Security Act (the Act), 42 U.S.C.§§ 1381-1383c. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration.

## **LEGAL STANDARDS**

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the

evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

## **BACKGROUND**

Ginni M. Sanders, the plaintiff, filed applications for Disability Insurance Benefits and Supplemental Security Income on February 28, 2005. (T. 125, 394-396). Ms. Sanders's claims were initially denied on July 20, 2005 (T. 88), and upon reconsideration on October 16, 2005. (T. 89). Ms. Sanders timely requested a hearing before an Administrative Law Judge ("ALJ") on November 7, 2005. (T. 99).

A hearing was held on May 16, 2007, in Salt Lake City, Utah before the Administrative Law Judge. (T. 31). The ALJ issued a decision finding Ms. Sanders not disabled on June 21, 2007. (T. 18). In this decision, the ALJ acknowledged that Ms. Sanders suffered from the severe impairments of affective disorder, anxiety (PTSD), and substance addiction disorder. (T. 23). He included some limitations for these disorders in his residual functional capacity assessment. (T. 23). However, he failed to discuss or include any physical limitations for Ms. Sanders's premenstrual dysphoric disorder or endometriosis in his residual functional capacity assessment.

In addition, he found that while Ms. Sanders's mental impairments could reasonably be expected to produce the alleged symptoms, Ms. Sanders's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible. (T. 25). In making this finding, the ALJ failed to make any findings concerning Ms. Sanders's credibility regarding her physical impairments of premenstrual dysphoric disorder and endometriosis. (T. 25).

2

On August 28, 2009, the Appeals Council denied Ms. Sander's request for review of the ALJ's decision. (T. 5). This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case. *See* 20 C.F.R. § 416.1481.

## DISCUSSION

I.  **The ALJ Failed to Properly Evaluate Ms. Sanders's Credibility Regarding Her Physical Impairments.**

"When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." Social Security Ruling ("SSR") 96-7p; *see also, McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002)("findings as to credibility should be closed and affirmatively linked to substantial evidence and not just a conclusion the guise of findings.") *citing Huston v. Bowen*, 838 F. 2d 1125, 1133 (10th Cir. 1988).

Although the first factor the ALJ must look to is whether the claimant's testimony is supported by the objective medical evidence, if the claimant's complaints of pain or other symptoms are not supported by the objective medical evidence the ALJ must look to the entire case record to determine credibility. SSR 96-7p. Case law makes clear that if the evidence shows that the claimant has an impairment that could reasonably have been expected to produce the disabling pain complained of, the ALJ is required to determine whether he believes these allegations "in light of all the relevant objective and subjective evidence." *Winfrey v. Chater*, 92 F.3d 1017, 1020 (10th Cir. 1996).

In this case, the ALJ found that Ms. Sanders's medically determinable impairments "could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not

3

credible." (T. 25). However, the ALJ failed to follow the law and link the evidence with his general credibility conclusion. *Dominguez v. Apfel*, 55. F. Supp. 2d 1172, 1181 (D. Kan. 1999).

Ms. Sanders has reported severe mental and physical symptoms. Physically, Ms. Sanders has a history of ovarian cysts and pre-menstrual dysphoric disorder. (T. 335, 339). This causes pelvic pain for Ms. Sanders. (T. 366, 392). This pain has resulted in emergency room visits when it becomes severe. (T. 369). She has reported abdominal pain, bloating, nausea, and vomiting related to these impairments. (T. 327, 333, 339, 341). At the hearing she testified that she vomits on almost a daily basis. (T. 69). Ms. Sanders's medical records establish this history and show diagnoses of pre-menstural dysphoric disorder and ovarian cysts. Most recently, Ms. Sanders has undergone surgery for ovarian cysts. (T. 392). That surgery showed extensive endometriosis. (T. 392). However, despite this objective medical evidence supporting the presence of physical impairments, the ALJ's decision only addressed Ms. Sanders's credibility with regard to her mental impairments

With regard to Ms. Sanders's physical symptoms, the 10th Circuit has articulated a specific set of criteria for the ALJ to consider when evaluating subjective symptoms of pain. Pursuant to *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), in evaluating pain, the court must consider: (1) whether the claimant presents objective medical evidence of an impairment that causes pain; (2) if so, whether a loose nexus exists between the impairment and the subjective complaints of pain; and (3) if so, whether the pain is disabling based upon all objective and subjective evidence. *Koenig v. Chater*, 936 F. Supp. 776, 784 (D. Kan. 1996). In considering step three, the ALJ must consider the following factors: the levels of medication and their effectiveness, the extensiveness of the attempts (medical or non-medical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility

4

that are peculiarly within the judgment of the ALJ, the motivation of a relationship between the claimant and other witnesses, and the consistency or compatibility of non-medical testimony with objective medical evidence. *Id.*, *citing Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988). *See also Gumm v. Apfel*, 17 F. Supp.2d 1213, 1219 (D. Kan. 1998) (finding that although the ALJ cited the proper pain standard, he failed to consider all the relevant factors at step three).

As was outlined above, Ms. Sanders not only testified as to pain, nausea, and vomiting associated with endometriosis and ovarian cysts, but the medical evidence clearly established that Ms. Sanders suffers from these impairments. After surgery her endometriosis was characterized as extensive. (T. 392). The ALJ does not explain why he discounted Ms. Sanders's reports of physical pain. His decision makes no reference to the fact that Ms. Sanders has been diagnosed with endometriosis; nor is there any evidence that this physical impairment and its resulting symptoms were considered. This is an error. The ALJ must explain why he is discrediting Ms. Sanders's testimony with regard to her physical and mental symptoms.

The Commissioner argues that because the ALJ stated he considered "all the evidence" and considered "the entire record", this demonstrates that he considered Ms. Sanders's subjective physical complaints. Def. Br. at 19. However, this argument fails as the ALJ's boilerplate statement that he considered "all the evidence" or the "entire record" is not enough. In *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000), the 10th Circuit held that the following "boilerplate language" was improper:

> Every exhibit was reviewed carefully for preparation of this decision, however, exhibits not cited were omitted for various reasons, including, but not limited to the following: relate to a time not covered by the claim, illegibility, duplicity, different physicians reporting the same diagnoses, physician duplication of hospitalization records, failure to state a diagnosis, statement of the claimant's complaints without a diagnosis, prescription of medication only, etc.

5

The Court noted that it cannot meaningfully review the ALJ's decision in cases where the ALJ fails to identify the specific medical exhibits which were rejected and the reason for their rejection. *Id., citing Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

Similarly, in this case, the mere boilerplate assertion that the ALJ has considered "the evidence" or the "entire record" is not enough to support a finding that he properly considered recent, objective medical evidence that supported Ms. Sanders's testimony of her physical symptoms.

For these reasons this case must be reversed and remanded for further consideration of Ms. Sanders's credibility regarding her physical symptoms.

> **II. The ALJ Failed to Include All Ms. Sanders's Impairments in his Residual Functional Capacity Evaluation.**

Social Security regulations require that the ALJ evaluate all of a claimant's impairments to determine if those impairments interfere with an individual's ability to do basic work activities. Social Security Ruling 96-8p requires that when making findings concerning the claimant's residual functional capacity ("RFC"), the ALJ must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical fact (e.g. laboratory findings) and non-medical evidence (e.g. daily activities, observations)." This assessment must be done on a function by function basis and include both exertional and nonexertional limitations for both severe and nonsevere impairments. SSR 96-8p. Finally, the RFC must include a resolution of any conflicts in the evidence. SSR 96-8p. The ALJ is also required to provide specific support with references to the record for rejection of a claimant's testimony. *McGoffin v. Barnhart*, 288 F. 3d 1248, 1254 (10th Cir. 2002) ("findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings") *citing Huston v. Bowen*, 838 F. 2d 1125, 1133 (10th Cir.

1988).  If the ALJ fails to provide the specific support, then the reviewing court will remand the case for further consideration.  *Id.*

The ALJ is also required to consider all subjective symptoms, such as fatigue and pain in determining the claimant's RFC.  *Francis v. Chater*, 974 F. Supp. 1361 (D. Kan 1997), citing 20 C.F.R. § 404.1528.  The ALJ must provide substantial evidence to support his RFC findings.  *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999).  In this case, the ALJ failed to include any limitations in Ms. Sanders's residual functional capacity relating to her well-established physical limitations.  (T. 24).

The record established that Ms. Sanders suffered from the physical impairments of ovarian cysts, pre-menstrual dysphoric disorder, and endometriosis.  (T. 290, 335, 339, 392).  The symptoms and limitations caused by these impairments included pelvic and abdominal pain, gastric symptoms, and fatigue.  (T. 69, 327, 333, 369, 392).  However, despite objective medical evidence supporting these impairments, the ALJ failed to include any physical limitations in Ms. Sanders's residual functional capacity or make any explanation as to why no physical limitations were included in Ms. Sanders's residual functional capacity.  (T. 24).  This is an error.

The ALJ must provide some explanation of why physical impairments documented throughout the record are not included in his RFC assessment.  The ALJ has failed to address Ms. Sanders's physical impairments despite the fact they are supported by medical evidence and uncontradicted in the record.  The ALJ cannot pick and choose among the available evidence.  "[T]he ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."  *Williams v. Apfel*, 65 F. Supp. 2d 1223, 1232-33(N.D. Okla. 1999).  The ALJ must also include a resolution of conflicts in the evidence.  SSR 96-8p.  In this case, there is nothing in the ALJ's decision that would indicate he considered Ms.

7

Sanders's physical impairments of ovarian cysts and endometriosis in assessing her residual functional capacity. This is error.

For these reasons, this case must be reversed and remanded so Ms. Sanders's residual functional capacity can be assessed taking into account her physical impairments, as well as, her mental impairments.

## **CONCLUSION**

Having determined that the Commissioner's decision is not based on substantial evidence or free of error, the Commissioner's decision is REVERSED and REMANDED in accordance with the fourth sentence of 42 U.S.C. § 405(g), for further consideration of Ms. Sanders's credibility regarding the subjective symptoms caused by her physical impairments of premenstrual dysphoric disorder and endometriosis. This court also finds that Ms. Sanders's residual functional capacity must be re-evaluated to include all impairments as directed by Social Security Ruling 96-8p.

DATED this __2nd__ of February, 2011.

_____
Magistrate Judge Brooke C. Wells
United States District Court Judge